EX PARTE TEODORO CAPÓ, peticionario y apelado; RAFAEL RIVERA MATOS, reclamante y apelante.

Núm. 8356.—*Sometido:* Febrero 6, 1942. *Resuelto:* Febrero 12, 1942.

*R. Castro Fernández,* abogado del apelante; *V. Zayas Pizarro,* abogado del administrador judicial.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Encontrándose pendiente ante la Corte de Distrito de Guayama el procedimiento sobre administración judicial de los bienes del difunto don Félix Jiménez Colón, en septiembre 7 de 1940 el aquí apelante Rafael Rivera Matos radicó ante dicha corte una reclamación jurada en la que pide que se reconozca que la citada administración le adeuda, con carácter de preferente, la suma de $300, como valor justo y razonable de servicios prestados a la administración, a ruego del administrador. En la reclamación se detallan los alegados servicios y se hace constar que los mismos estaban relacionados con la investigación del supuesto hecho de que el causante conspiró con varias personas para desheredar a su hijo Guillermo Jiménez Rivera, mediante el traspaso fraudulento de todos sus bienes.

En oposición a la reclamación, Guillermo Jiménez Rivera, Administrador Judicial y único y universal heredero, negó haber requerido en ocasión alguna los servicios personales del reclamante y negó específicamente todos y cada uno de los hechos esenciales de la reclamación. Y en contrario alegó que el reclamante, quien era su amigo, le ofreció ayudarle en las gestiones para localizar parte de los bienes hereditarios; que los trabajos del reclamante se limitaron a escribir a maquinilla las declaraciones o datos que el administrador y otras personas le dictaban; que en ningún momento se convino en pagar suma alguna por tales servicios, los cuales el administrador aceptó como prueba de amistad, si bien luego los pagó por más de su valor; que el administrador siempre sufragó todos los gastos relacionados con las salidas y gestiones del reclamante y en compensación por sus servicios como mecanógrafo le regaló un automóvil que valía más de $200 y le gratificó en varias ocasiones con sumas de dinero; y por último, que los servicios prestados no valen la suma que se reclama y que el reclamante los prestó sin intención de que se le pagase retribución alguna. Alegó además

que el reclamante no se dedica a profesión alguna que implique la obligación de prestar los alegados servicios.

Declarada sin lugar la reclamación, el reclamante interpuso el presente recurso. Para sostenerlo, alega que la corte inferior erró al decidir que no se celebró un contrato de arrendamiento de servicios; al resolver que los prestados por el apelante no eran servicios profesionales; y al decidir que los servicios prestados no eran compensables.

En la opinión que sirve de base a la sentencia recurrida, el tribunal inferior llegó a las siguientes conclusiones:

1ra. Que aceptando como ciertos los hechos alegados en la reclamación, la relación jurídica entre el peticionario y el Administrador Judicial no es la de mandante y mandatario porque aquél no ostentaba la representación de éste; ni tampoco la de arrendador y arrendatario, porque entre ellos no se convino precio cierto por los servicios a ser prestados por el ahora peticionario.

2da. Que los servicios prestados por el peticionario al Administrador Judicial no pueden ser considerados como profesionales y que por lo tanto el peticionario no tiene causa de acción para reclamar a base de *quantum meruit* el valor razonable de los servicios prestados. Artículo 1486 Código Civil.

3ra. Que la evidencia practicada dejó de demostrar la existencia de un contrato de arrendamiento de servicios profesionales.

4ta. Que la evidencia dejó de demostrar asimismo el valor razonable de los servicios prestados por el peticionario al Administrador Judicial.

Después de un estudio detenido de la transcripción de evidencia, opinamos que las conclusiones a que llegó la corte sentenciadora están bien fundadas y se ajustan a la prueba practicada.

El reclamante sin duda alguna prestó servicios valiosos al administrador. Pero no actuó en momento alguno como mandatario de aquél. La relación jurídica entre ambos

no es la de mandante y mandatario. Véanse: *Webb* v. *P. R. Am. Tobacco Co.,* 16 D.P.R. 398 y *Galán* v. *Borinquen Trading Corp.,* 32 D.P.R. 62.

De la declaración del propio reclamante resulta que éste se dedica al negocio de comisiones y durante algunos años se ha dedicado a trabajos de investigación. Del testimonio del abogado Lic. López Baralt se desprende que el trabajo realizado por el reclamante no era el de un profesional y sí el de un investigador. Véanse: *U. S.* v. *Laws,* 163 U. S. 258; y *Saurí* v. *Saurí,* 38 D.P.R. 765.

Que no hubo convenio previo entre las partes para la remuneración de los servicios es un hecho admitido por el reclamante, quien declaró que al empezar su trabajo no hizo convenio alguno con el administrador en cuanto a su compensación; que más tarde él le exigió al administrador que se pusieran de acuerdo en cuanto al pago de sus servicios; que el administrador le ofreció por conducto del Lic. López Baralt el 1 por ciento del valor de lo que obtuviera finalmente como heredero, pero que él, el reclamante, rechazó esa proposición y se retiró del caso; y que más tarde se redactó un proyecto de contrato en el que se fijaba en dos mil dólares el precio de sus servicios, pero que el administrador se negó a firmarlo. El abogado Sr. López Baralt, bajo cuya dirección trabajaba el reclamante, declaró igualmente que nunca se llegó a un entendido con respecto a la compensación del reclamante.

La prueba sí demuestra, a nuestro juicio, que el administrador sabía que los servicios que le prestaba el reclamante no habían de ser gratuitos y que éste esperaba ser recompensado en alguna forma. Prueba de ello es que el administrador llegó a ofrecerle una compensación equivalente al 1 por ciento de lo que se consiguiese salvar como parte del caudal hereditario. Empero, queda en pie el hecho de que nunca se llegó a convenir cuál habría de ser el precio de los servicios del reclamante.

█ Aun aceptando, sin así resolverlo, que el reclamante tuviese derecho a reclamar el justo y razonable valor de sus servicios, siempre nos veríamos obligados a confirmar la sentencia recurrida por no haberse presentado evidencia alguna en cuanto a ese extremo.

*Debe confirmarse la sentencia.*